THOMPSON BEACH *v.* THOMAS HAYNES.

Towns may take the fee of lands for the purposes of public commons, and this by purchase.

A deed of land to a town and their assigns, expressed in general terms, although further expressed to be for the use of a common, will, if such appear to have been the intention of the parties, be construed to convey a fee simple.

EJECTMENT, to recover the possession of a piece of land in Westford. Plea, not guilty. Issue to the country.

On the trial in the county court, the defendant admitted that he was in possession of the land in question, at the time of the service of the writ, and that he had, before that time, enclosed it with a fence, was then occupying it for private purposes, excluding the public from the use of it as a public common.

The plaintiff gave in evidence, the copy of a deed from himself to the town of Westford, dated August 15, 1825, in and by which deed the plaintiff did "give, grant, bargain, sell, alien, release, convey and confirm unto the said town of Westford, and to the assigns thereof forever," all his "right, title, interest, claim and demand to a certain piece or parcel of land in said Westford, being a part of lot No. 38, said land being for the use of a common, bounded on the west by the town common as it now is," &c. being the land described in plaintiff's declaration, and covenanted with the

CHITTENDEN, town and their assigns, that he was well seized of the land,
January, &c. and that he would warrant and defend, &c.
1840.
          The plaintiff also gave in evidence a copy of a deed from
Beach     the town of Westford to the defendant, dated April 7, 1829,
v.        conveying the land in question to the defendant, which latter
Haynes.   deed was executed by the selectmen of said Westford, and
contained a recital that they executed said deed by the au-
thority vested in them by a resolution of the inhabitants of
Westford, passed in a town meeting held on the first Tues-
day in March, 1828, &c.

The defendant gave in evidence a copy of the proceedings
of said town of Westford, at a town meeting held on the
second day of May, 1825, from which it appeared that a
committee of four persons were appointed " to act in con-
junction with the selectmen for the purpose of surveying the
meeting house common, so called, and establishing its bounds,
and if said committee think best to alter said common, by
exchanging some part of it for land owned by Thompson
Beach, or by purchasing land of said Beach, to make propo-
sals to Mr. Beach and get his proposals and lay them before
the town at a future meeting."

The defendant also gave in evidence a copy of the pro-
ceedings of said town, at a meeting thereof held on the 20th
of June, 1825, from which it appeared that the following
vote was passed, viz.;—" Voted that the selectmen be au
thorized to pay Thompson Beach the sum of fifty dollars, in
sixty days, it being for a piece of land in the centre of th
town, and receive a deed from said Beach in behalf of sai
town." And also gave in evidence a copy of the proceeding
of another town meeting, held on the 4th of March, 1828
at which meeting the town passed the following resolution
unanimously ; " Resolved, that the selectmen be and the
are hereby authorized to sell and deed a piece of land in th
north part of the town's common, east of the school hous
land ; and also that the selectmen be authorized to purchas
a piece of land east of the aforementioned piece of land, s
as to make the north line of said common due east and wes
or parallel with the south line of said common ; Provide
that in said sale and purchase the town shall not be mac
chargeable for any purchase money."

The defendant introduced parol testimony, tending to sho

that, after about one year from the date of the deed from <span>Chittenden,</span> *January,* the plaintiff to the town, the defendant, by direction of the 1840. selectmen of Westford, took possession of the land in question, enclosed it with a fence and had ever since held it Beach in his own right by virtue of the deed from the town of *v.* Westford to him. Haynes.

From this evidence the plaintiff requested the court to charge the jury;—1st, That the deed from the plaintiff to the town of Westford did not pass a fee simple to the town, but only the use of the premises to be appropriated by the town as a common for public use.

2nd. That if the jury should be of opinion that the defendant, by direction of the town of Westford, had appropriated said land to private purposes and had inclosed the same with a fence, thereby excluding the public from the use of it as a public common, the plaintiff was entitled to recover against the defendant in this action, subject to the public easement. The court refused so to charge the jury, but decided, that the plaintiff was concluded from maintaining the present action by force of the deed from him to the town of Westford, under whom the defendant claimed to be in possession, and so instructed the jury, whereupon they returned a verdict for defendant.

The plaintiff excepted to the decision and charge of the court.

*A. G. Whittemore* for plaintiff.

It is plain from the words of the deed that Beach did not intend to convey an unlimited estate in fee simple to the town of Westford, even supposing the town, as such, is capable of taking a fee in lands.

Notwithstanding the word, *assigns,* is introduced twice in the course of the deed in those parts which are usually printed, yet, in the written part of it, the land is expressly declared *to be for the use of a common.* No language could express, in a clearer manner, the intention of the grantor. It was to be appropriated to a public use. This clause, then, was introduced to limit and restrict the indefinite use to which, in the opinion of Beach, the land might otherwise be applied.

It was not used to describe the land to be conveyed.

Every part of the description of the land is perfect without it. It was designed as a description of the *estate in the land,* but not as a description of the land itself. It is not possible to conjecture any motive for the introduction of these words, unless to restrict the future use of the land to the purposes of a highway or common.

The words, " all my right, title, interest, claim and demand," like all other parts of the deed, ought to be construed so as to effectuate the intention of the parties and not to defeat it. It was the intention of Beach to part with all his right to the land so long as it should be appropriated to public use, and the words in the deed, above recited, construed in connection with the restrictive clause, can have all the effect which they deserve to have. The same may be said of the word *assigns.*

If the court give full effect to the words relied on by the defendant, the decision will involve a complete abrogation of the clause which shows the intention of the parties, and, with it, that intention,—and thus the deed will appear to have been given for one purpose and the court will have permitted it to be used for another. Nothing will justify a court in defeating the clear intention of the parties to a contract, but the strongest legal authorities, and such we presume do not exist in the case. On the other hand, the construction, of the plaintiff permits the intention of the parties to take effect and all parts of the deed to stand.

If the court should not adopt the plaintiff's construction, then it is contended that the town of Westford was wholly incapable of taking a fee simple in its proper sense by virtue of the deed.

A town has no powers except such as are expressly given by the legislature and such as are necessarily implied in order to carry those express powers into operation. Hence a town may hold lands for the use of a highway, for supporting its poor, or for the maintenance of schools ; but the law no where requires or authorizes towns to trafic in real estate to the extent allowed to individuals. See *Bangs* v. *Snow et al.* 1 Mass. Rep. 189. *First parish in Sutton* v. *Cole,* 3 Pick. Rep. 237, 239. 2 Kent's Com. 298, 299, also 278. *Pomeroy* v. *Mills,* 3 Vt. Rep. 279, 410.

If the plaintiff is correct, either in his construction of the

deed, or of the powers of the town, it follows that he is en-titled to recover the seizin and possession of the land demanded, subject to the right of the public to use it as a highway, which is the only object of the present action.

This point was decided in the case of *Promeroy* v. *Mills* above cited.

*Maeck & Smalley* for defendant.

The deed of the plaintiff to the town of Westford was not conditional, but the town took, by it, an unconditional fee simple.

I. It is a rule of construction, that, in order to give such force to a condition that it shall work a forfeiture, the language of the condition must be so positive and the interest so manifest, that it excludes any other conclusion. It is now settled law that no condition shall be construed to defeat one's estate in fee, unless it is introduced by formal and technical words, as *sub conditione, provided always, so that,* or the deed must contain an express clause of re-entry. See Coke on Litt. 328, 9, 30, and notes of Ld. Coke under those sections, and Shep. Touch. p. 121.

Notwithstanding the feoffment is expressed to be made *ea intentione, ad effectum, &c.,* that the feoffee shall do so and so; nevertheless, these words will not make a condition, without an express clause of re-entry. Dyer 138. Shep. Touch. 123. Bac. Abr. title *condition* (a). Coke on Litt. above cited.

The deed itself evidently shows that the grantor parted unconditionally with all interest in the premises. He sells to the town of Westford and their assigns, and covenants to warrant and defend the premises to them and their assigns. Why covenant with their assigns if the town of Westford have no right to sell?

In Moor 881. It was held, that "if a lease be made to "a man and his assigns for twenty one years, provided that "he shall not assign, such proviso, being repugnant to the "premises, is void; but it would have been good if the word "assigns had been omitted."

See this case cited in note p. 124, Shep. Touch. and also in Bac. Abr. title *Grant.*

Words, which will make a condition in a lease for years,

will not in an estate for life, gift in tail, or estate in fee simple.

See the various cases put in Shep. Touch. p. 124.

II. Towns are corporations, and it is one of the powers, incident to corporations to purchase real estate to any extent unless restricted in their charters, Kyd. on Corp. 7, 70. Angell & Ames on Do. 58, 59, and to alienate the same, Angell & Ames Do. 78, and cases and authorities cited p. 104, 113, 114.

The opinion of the court was delivered by

REDFIELD, J.—The only question raised in the present case is as to the title conveyed by the plaintiff to the town of Westford, by his deed of August 15, A. D. 1825. There can be no doubt. from the circumstances of the case, that the town expected to receive and the plaintiff was paid for and expected to convey the entire fee simple. It is true the object of the purchase was for a public common, but, where land is purchased by towns for that purpose, it is expected the use will be perpetual, and therefore the fee is ordinarily purchased. The style of the deed, too, is in the most unlimited terms *i. e.,* " do give, grant, bargain, sell, alien, convey, release and confirm unto *the said town, and to the assigns thereof forever,* all my right, title, interest or demand or claim, &c." In the course of the description of the land this sentence occurs, " said land being for the use of a common." It is introduced, apparently, without any other object than to fix the location, or as a reason for fixing the form of the land conveyed. The deed contains full covenants of seisin and warranty.

It is now contended that the section of the deed, in regard to the use of the land, was intended as a limitation of the conveyance. If so, when the town put the land to another use, their title was divested and became revested in the plaintiff. 1 Shep. Touchstone, 121 *et seq.* But it is evident, both from the phraseology of the deed, and from the circumstances and situation of the parties, at the time, that such could not have been their intention. Nor is such the legal import of the term used. It has been argued, that the town could not take a fee in land. If the plaintiff sold them a fee and was paid the full price of his land, 1

do not see that he should complain of their incapacity to take the title. I know of no such case, or analogous case in the books. But the court think, for their ordinary town purposes, such as sites for town hoouses, and public commons, towns may be allowed to take the fee of lands, and change the location at will, and that this comes fairly within the scope of their corporate powers.

This is in no sense like the dedication by an individual of the *use* of lands to some public purposes *e. g.*, a town common. In such case the fee, as was decided in the case of *Pomeroy* v. *Mills*, 3 Vt. R. 279, remains in the former owner and, upon any one intruding into the use of the land, the public may vindicate their right by way of indictment. *State* vs. *Wilkinson*, 2 Vt. R. 480. And the proprietor, in fee, may have ejectment. In the former case the grant was not to the town of Burlington, who might take a fee, but to the public, which is a mere abstraction, and incapable of taking a fee simple in lands. One might as well expect to grant the fee in lands " to posterity," as Lord Bacon, did his fame. And so, very justly, does Ch. J. Prentiss argue. But the present, as we have attempted to show, is not that case.

Judgment affirmed.