(Decided 23rd June, 1887.)

---

DAVID M. NEWBOLD *vs.* JOHN M. GLENN and WILLIAM L. GLENN.

*Construction of Deed—Trust—Alienation—Municipal Corporation—Sale of Real Estate—Private sale, where Public sale required.*

A deed of property was made to the Mayor and City Council of Baltimore " in trust for the uses and purposes, and subject to the trusts, limitations, powers, and provisions imposed, expressed and declared in and by the ordinance" of the city referred to in the deed; and which ordinance provided for the purchase of property as a site for the proposed McDonough Institute.    The deed contained no other words of restriction or limitation of the right of alienation on the part of the grantee.    HELD :

That the Mayor and City Council acquired an indefeasible fee simple title to the property thereby conveyed.

The Mayor and City Council of Baltimore sold said property at private sale, and gave a deed therefor, without having complied

Newbold *vs.* Glenn.

with the statute authorizing the sale of its property, and which required notice of the proposed sale to be given in a newspaper printed in Baltimore City, at least once a week for three successive weeks before such sale. HELD:

That the property having been sold for its full value, and there being no intimation of fraud or bad faith on the part of the city authorities, in making the sale, a valid fee simple title to the property passed under said deed to the grantee.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*John J. Dobler,* for the appellant.

*Charles A. Boston,* and *John P. Poe,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

In pursuance of an ordinance of the Mayor and City Council of Baltimore, "the trustees of the McDonough Educational Fund and Institute" bought of Jonathan Wolfenden, a lot of ground in said city, as a site for the proposed McDonough Institute. The price paid was $11,675.00, and after reciting the City ordinance, the deed from Wolfenden and wife conveyed the property therein described to the Mayor and City Council, "in trust for the uses and purposes, and subject to the trusts, limitations, powers and provisions imposed, expressed and declared in and by the ordinance."

The trustees in pursuance of an ordinance subsequently passed by the city authorities, sold at *private sale* the said lot of ground to William W. Glenn, and bought other property in the vicinity of Baltimore City, on which build-

*Although present, Mr. Boston took no part in the argument.

ings were erected, and where the McDonough Institute has for some time been in practical operation. The sale to Glenn was made on the *5th May*, 1869, and on his death the property was conveyed by the Mayor and City Council to John Glenn, trustee, for the parties in interest.

This appeal is from a *pro-forma* decree upon a special case stated, under the 47th, 48th and 49th general rules of equity practice; and the questions are: 1st. Whether under the deed from Wolfenden, the Mayor and City Council acquired an absolute fee simple title in the property thereby conveyed? and 2ndly. Whether a valid fee simple title passed to John Glenn under the deed from the Mayor and City Council?

1st. By the deed from Wolfenden and wife the property is conveyed to the Mayor and City Council, and there are no words on the face of it indicating a purpose to limit or restrain in any manner the right of alienation on the part of the grantee. Nor do we find anything in the conveyance to justify the inference that the property was sold or conveyed on condition that it was to be used as a *site* for the McDonough Institute, and on the failure thus to use it, the title was to revert to the vendor. It was not conveyed in trust for such a *use*, "and *to and for no other use, intent or purpose whatever*," as in *Reed, Howard, et al. vs. Stouffer, et al.*, 56 *Md.*, 236; and if such had been the intention, we must presume that it would have been expressed in clear and explicit terms, or in terms at least from which such intention could be fairly inferred. The deed recites, it is true, the ordinance in pursuance of which the property was bought, and the *habendum* is to hold the same upon the trusts declared in and by the ordinance. But this was for the purpose of showing the purpose for which the property was bought and the character in which it was held, and not for the purpose of limiting the right of alienation on the part of the city authorities. The terms used in the deed construed in *Reed, Howard,*

*et al. vs, Stouffer, et al.,* differ materially from those used in the deed now under consideration. In that case the lot of ground was conveyed to a Religious Society in trust, for the purpose of erecting thereon a building for Divine worship, and a place for the burial of the dead, and *"for no other use, intent or purpose whatever."* Besides, the grantee was a Religious Society, and was therefore incapable under the Constitution of this State, of holding the property for any other purpose. It was upon these grounds, the express terms of the grant and the incapacity of the grantee to take property upon any other conditions, that the Court held, upon the failure to use the property for the purposes in consideration of which it was conveyed, the title reverted to the grantor. And the case of the *Second Universalist Society vs. Dugan,* 65 *Md.,* 460, was decided on the same grounds.

Besides this, the intention to use the property as a site for the Institute, was abandoned twenty years ago, and other property was bought on which the buildings have been erected, and yet Wolfenden is not here claiming that he sold the property on condition that it was to be used for that purpose. But apart from this, and looking to the terms of the deed itself, we are of opinion that the Mayor and City Council acquired an indefeasible fee simple title to the property thereby conveyed.

We come now to the next question and about which we have had more difficulty. In authorizing the Mayor and City Council to sell property belonging to the city, the statute prescribes, that public notice of such proposed sale shall be given in a newspaper printed in Baltimore City, at least once a week for three successive weeks, before such sale. In thus providing for a public sale of property belonging to the city, the obvious purpose of the law was, to invite the fullest competition, and to prevent collusive and fraudulent sales. It is a requirement therefore, which ought in all cases to be strictly observed. At

the same time where property has been sold at private sale for its full market value, in the absence of fraud or collusion, we are not prepared to hold that the mere failure on the part of the city authorities to observe this requirement of the statute, would in itself invalidate the sale. In this case, the property, it appears, was sold for its full value, and there is no intimation of fraud or bad faith on the part of the city authorities in making the sale. Under such circumstances, we are of opinion that a valid fee simple title to the property passed under the deed from the Mayor and City Council to Glenn, trustee.

For these reasons the decree will be affirmed.

*Decree affirmed.*

(Decided 23d June, 1887.)