The Lake Erie and Western Railroad Company *v.* The City of Kokomo.

Filed Jan. 28, 1892.

---

No. 16,031.

## THE LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* THE CITY OF KOKOMO.

CITY.—*Street.—Laying Out Across a Railroad Track.*—A city in this State has power to lay out a street across a railroad's right of way.

COSTS.—*Appeal from Assessment of Damages.*—On an appeal from a street assessment allowing damages, but assessing an equal amount of benefits, a land-owner appealed to the circuit court, and on trial the damages and benefits were both increased in an equal amount. *Held*, that the appellant was not entitled to his costs in the circuit court.

From the Howard Circuit Court.

*J. O'Brien, W. E. Hackedorn* and *F. S. Foote,* for appellant.

*C. C. Shirley, J. C. Blacklidge* and *B. C. Moon,* for appellee.

OLDS, J.—This is a proceeding to locate a street in the city of Kokomo across the right of way of the appellant, the Lake Erie and Western Railroad Company, and to condemn the right of way for such purpose. The street crosses the railroad at right angles.

It is admitted by the appellant that the proceedings of the council and commissioners were regular, except it is contended that no tender of the amount of damages was ever made.

After making a suggestion in regard to the assessment of damages, counsel for appellant say : " The proposition more particularly sought to be raised in this case is as to the power or right of the city of Kokomo to condemn property already in public use, the same to be taken and used for other public uses, whether the same are consistent or inconsistent."

In Elliott Roads and Streets, p. 169, it is said : "A right to cross an existing public way with a street or road may often be implied, where a right to longitudinally take the way would not be deemed to exist. Where authority is granted to construct a road or street from one point to another, there is impliedly conferred a right to cross canals, railroads, turnpikes, streets or roads lying between the two points. A grant of authority, expressed in general terms, to seize lands and property for the purposes of a road or street will, in most cases, confer authority to construct the roads or streets across existing public ways, whether owned by public, or by private corporations, but it will not confer authority to lay the road or street longitudinally upon the existing way."

This, we think, states the true doctrine, and the authorities are collected and cited in support of the text.

The statute makes full provision for the laying out of streets in cities, and authorizes the laying of the same out and opening them up across the right of way of a railroad company.

As regards the objection to the proceedings on account of no tender of the damages assessed by the city commissioners having been made :

The commissioners assessed $25 damages, also assessed $25 benefit to the land of the appellant. Instead of relying upon the fact that no tender of the damages had been made, and resorting to proceedings to prevent the city from opening up the street across the right of way of the appellant, the appellant appeals from the decision of the commissioners, and raises no question in regard to the tender, and no question is presented to this court relating to the tender.

In the circuit court there was a trial by jury, and the jury assessed the appellant's damages at $45 ; also assessed its benefits at $45, and the court rendered judgment against the appellant for the $45 benefits, and in its favor for the $45 damages. It is mildly suggested that this action of the court is erroneous, but there is no discussion of the question, and no valid reason suggested why the judgment should be reversed on account of this action of the court.

It is suggested that the court erred in some of its instructions to the jury. We have examined the instructions and do not think they contain any erroneous statement of the law which would have a tendency to mislead the jury, or for which the judgment should be reversed.

Counsel for appellant discuss the question as to the amount of damages assessed being too small, but no such question is presented by the record.

The appellant made a motion to tax all of the costs to the appellee, which was overruled, and this ruling is assigned as error.

It is contended that appellant recovered a verdict and judgment for a larger sum in the circuit court than was awarded by the city commissioners; that under the practice in Indiana all the costs should be taxed to the appellee. The statute provides for the taxing of costs in cases on appeal from a justice of the peace to the circuit court when the judgment is reduced $5, or on failure to increase the judgment a like amount when the appeal is taken by the party recovering before the justice, but this statute does not apply in such a case as this. The appellant in this case gained nothing by its appeal. It increased the assessment of damages in its favor $20, but it increased the benefits assessable against it a like amount and the appeal availed it nothing.

We do not think the judgment should be reversed.

Judgment affirmed, at costs of appellant.

