AVERY et al. v. UNITED STATES.

(Circuit Court of Appeals. Sixth Circuit. November 7, 1900.)

No. 882.

**1. DEEDS—CONSTRUCTION—CONVEYANCE TO CITY.**

Unless restricted by statute or by its charter, a city has power to acquire and hold the fee to land used for public purposes, and the fact that under the statute, where property is dedicated by the owner to a public use, or is appropriated by proceedings in invitum, the city takes only an easement, terminable by the cessation of the use, does not affect the construction of a deed by which land is conveyed to the city, so as to limit the title acquired to an easement where the deed in terms conveys the fee.

**2. SAME—QUALIFIED FEE—CONVEYANCE FOR STREET PURPOSES.**

A declaration in a deed of land to a city, made upon a purported valuable consideration, and containing apt words to convey the fee, that the land is conveyed "as and for a public street of said city," does not create a condition subsequent, so that upon a discontinuance of the use of the property for a street the title reverts to the grantor, but the deed devests the grantor of all estate.

**3. SAME—ORDINANCE ACCEPTING GRANT.**

A deed of land to a city to be used as a street, which by its terms conveys the fee, is not reduced to a grant of a mere easement by an ordinance accepting "the dedication of the land specified" in the deed, and confirming the same as a public street, where such ordinance is required by statute to constitute the land a public street, for the care and maintenance of which the city is responsible.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

For opinion below, see 98 Fed. 512.

The questions arising upon this writ of error originate in a petition filed by the United States for the condemnation and appropriation of certain property in the city of Cleveland, Ohio, for the purpose of constructing a building for the use of the government as a post office, court and custom house. In 1856, Leonard Case was the owner of a lot of ground, part of original city lot No. 63, bounded on the east by Wood street, on the south by Superior street, on the west by the public square, and on the north by Rockwell street, having a front on Superior street of 214 feet 6 inches, and a depth of 200 feet. April 9, 1856, said Case, for a valuable consideration, conveyed to the United States, by absolute fee-simple deed with usual covenants, a part of said lot fronting on the public square 200 feet, and having a depth of 105 feet. This deed described the part so conveyed as follows: "Beginning at a post in the southwest corner of said lot; then northerly, on the easterly line of the public square and westerly line of said lot, about 200 feet, to Rockwell street, which is 66 feet wide; then easterly, on the southerly line of said Rockwell street, 105 feet, to a parcel of land 40 feet wide, which said parcel is dedicated for a street 40 feet wide, and to be opened by said Case; thence southerly, by the westerly line of said parcel of land mentioned, and parallel with the line of the public square, about 200 feet, to Superior street; then westerly, with Superior street, 105 feet, to the place of beginning." On the 18th of May, 1859, Case executed a deed to the city of Cleveland for a strip 35 feet wide, extending through from Rockwell to Superior street. This deed was in the usual words of a fee-simple deed, and contained covenants of seisin and warranty. The conveying clause, after describing the property, concluded with the words, "as and for a public

street of said city," and upon these words and their import the present case hinges. This deed was recorded October 14, 1859.

Two ordinances of the city council were introduced as tending to show the consideration for the deed and the purposes of the grant. Both were passed October 18, 1859, and were in these words:

"Be it ordained by the city council of the city of Cleveland, that the dedication of the land specified in the deed from Leonard Case to the city of Cleveland, being a strip of land thirty-five feet wide, from Superior street to Rockwell street, the westerly line of which thirty-five feet, is one hundred and five feet easterly from the easterly line of the public square, be, and the same is hereby, accepted and confirmed as a public street."

An ordinance to grant certain building privileges to William Case and Leonard Case, Jr.:

"Section 1. Be it ordained by the city council of the city of Cleveland, that in consideration of the conveyance to said city by Leonard Case, by a deed dated May 18, 1859, of a parcel of land lying east of the postoffice and between Superior street and Rockwell street, which land is hereby granted to William Case and Leonard Case, Jr., to occupy such a portion of the sidewalks on Superior street, Wood and Rockwell streets, and the land deeded as above mentioned, as may be necessary for the pilasters, areas and balconies for a block of buildings about to be erected by them on the vacant lot next east of the United States buildings, and bounded on the north by Rockwell street, on the east by Wood street, on the south by Superior street and on the west by a street thirty-five (35) feet in width. The outside of the main walls of said block is not to extend beyond the line of said streets, the pilasters, areas and balconies to extend into the sidewalks as shown on the ground plan, a copy of which is hereto attached.

"Sec. 2. That the owner thereof shall erect and keep in good repair a good iron railing around said areas, or suitably cover the same.

"Sec. 3. That the privileges granted in section 1 of this ordinance shall not apply in any other case than the one above mentioned.

"Passed October 18, 1859."

That part of the original Case lot, not included in the deeds above recited, was conveyed July 1, 1876, by said Case to a corporation known as the "Cleveland Library Association," now the "Case Library," by deed which called for said 35-foot street or place as a monument bounding the parcel conveyed on the west. The object of the proceedings begun by the United States was to appropriate the property so conveyed by Case in 1876 to the Case Library, as well as the 35-foot street or place so conveyed by him to the city of Cleveland, for the purpose of enlarging the present post-office site, and erecting thereon a new and much-enlarged public building. The defendants to the petition were the "Case Library" and its trustees, the city of Cleveland, and the heirs of Leonard Case, whom the petition alleged to claim some right, title, or interest in the parcel, which came subsequently to be known as "Case Place" or "Case Street." Issues were properly made up, and no question is now made as to that. The jury assessed the damages sustained by the city of Cleveland, by reason of the appropriation of said "Case Place" for the post-office purposes, at a nominal sum, of which no complaint is made. In reference to the right, interest, or title of the Case heirs, the court instructed the jury that the conveyance of Leonard Case to the city of Cleveland was absolute, and that no interest or reversion remained in them, and that they had no interest or estate, conditional or otherwise, and were entitled to no compensation. This writ of error is sued out by the Case heirs alone, who have assigned this instruction as error.

Lewis J. Wood and E. J. Blaidin, for plaintiffs in error.

Robert Tucker and John J. Sullivan, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

1. The deed of Leonard Case to the Cleveland Library Association

described the property as bounded on the west by "Case Place." If Leonard Case had any title, contingent or otherwise, to Case place, this call for Case place as a monument bounding the parcel conveyed to the library association would carry that title to the center of Case place, and this title would pass to the United States under the proceedings for the condemnation of the property of the library association. This has been conceded by counsel for the Case heirs, who have limited the controversy to the western half of the street which the government is seeking to appropriate.

2. The deed of April 9, 1856, to the United States for the lot now owned and occupied by the United States differed from the conveyance subsequently made to the library association, in that the easterly line of the parcel conveyed to the United States is described as running "with the westerly line" of Case street. We shall assume, for the purposes of this case, that, under the law of Ohio, a grantee holding under a conveyance which bounds his property by the west line of a street will take title only to the west line of the street, and not to the center thereof, as he would if the parcel had been simply bounded "by the street," or "along the street," or "upon the street." Lough v. Machlin, 40 Ohio St. 332; Lembeck v. Nye, 47 Ohio St. 336, 351, 24 N. E. 686, 8 L. R. A. 578.

3. Did the city of Cleveland acquire an unqualified fee in the parcel of land in controversy by virtue of the deed of Leonard Case of May 18, 1859? First, it is said that the city had not the capacity to take the fee. A municipal corporation, unless restrained by statute or charter, has the implied power to purchase and hold all such real estate as may be necessary to the proper exercise of powers specifically granted. 2 Dill. Mun. Corp. (2d Ed.) § 432; Ketchum v. City of Buffalo, 14 N. Y. 356; Beach v. Haynes, 12 Vt. 15; State v. Woodward, 23 Vt. 92; Reynolds' Heirs v. Commissioners, 5 Ohio, 204; Gall v. City of Cincinnati, 18 Ohio St. 563. So it is competent for the legislature to authorize the appropriation of the title in fee to land taken for a public use, and if such a full appropriation is made, and the owner compensated, nothing remains in the owner, and he cannot claim additional compensation if the land shall be subsequently alienated or lawfully appropriated to a different public use. Cooley, Const. Lim. (5th Ed.) 692; Heard v. City of Brooklyn, 60 N. Y. 242, 247; Heyward v. Mayor, etc., 7 N. Y. 314; Com. v. Armstrong, 45 N. Y. 234; Haldeman v. Railroad, 50 Pa. St. 425, 436; Coster v. Railroad Co., 23 N. J. Law, 227; Dingley v. City of Boston, 100 Mass. 544.

The legislative power has not generally deemed it essential to require or authorize the taking of any greater interest in the land than an easement terminable by cessation of the use. Hence the well-settled rule that when the public use for which the property was taken, or to which it was dedicated, has become impossible, the freehold reverts to the grantor. But this right of reverter depends upon the question as to whether the original owner was devested of his entire interest by the proceeding, dedication, or grant under which the municipality acquired the property in question.

The charter under which the city of Cleveland was governed at the

time of Case's deed (34 Ohio Laws, 271), gave ample power to receive, purchase, and hold real estate for the due exercise of its corporate purposes, and we fail to find anything in the statute law of Ohio which would convert a fee in property acquired by deed for street purposes into a conditional estate or a mere easement. This power of taking land for street purposes by deed or grant is quite distinct from the power of appropriating land in invitum. The observation of Judge White in Gall v. City of Cincinnati, 18 Ohio St. 563, 568, where the title of the city to the market space involved depended upon deeds, that "the title acquired by purchase is to be determined by the character of the conveyance, and is not affected by the character of the estate conferred on the city in case of appropriation," is equally true here. Neither is the title of the city in any degree affected by the character of title and trust created by the Ohio act of March 3, 1831 (29 Ohio Laws, 320, and section 2601, Rev. St. Ohio). That act simply provides what the effect shall be of recording a town map or plat made by persons laying off a town. Under that act the recording of such plat showing streets, commons, alleys, etc., operates as a conveyance in fee to the town or city of the property laid off into streets, etc., to be held "in trust to and for the uses and purposes so set forth and expressed or intended." This act has been construed by the Ohio court as a statutory dedication of streets, commons, etc., shown by such a recorded map or plat, and as conferring no power of alienation discharged of the use thereby indicated, and that when the particular use becomes impossible of execution the property reverts to the dedicator or his representatives. Board v. Edson, 18 Ohio St. 226; Commissioners v. Young, 8 C. C. A. 27, 59 Fed. 96, 99.

The deed made by Leonard Case is the only source of the city's title, and the title thereby acquired is entirely unaffected by the statute we have cited, or the Ohio cases which construe and apply it. Neither have we to deal with a common-law dedication. That sort of dedication, as we had occasion to observe in Commissioners v. Young, 8 C. C. A. 27, 30, 59 Fed. 99, operates "only by estoppel." "The acquiescence of the owner and use by the public estop him from asserting any right of possession hostile to such use." It is obvious that under such a dedication the public acquire only an easement. "The owner of the fee may resume possession wherever there has been a full and lawful abandonment of the use for which the dedication was made." This is the well-settled rule concerning public roads, streets, etc., when the fee remains in the owner of the land over which the road, street, or alley has been established. Commissioners v. Young, cited above; Village of Fulton v. Mehrenfield, 8 Ohio St. 440; Barclay v. Howell, 6 Pet. 498, 8 L. Ed. 477.

The title of the city of Cleveland depends neither upon a common-law dedication, nor upon a statutory dedication under the act of March 3, 1831, nor upon the effect of any legal proceeding appropriating land for street purposes, but solely and wholly upon the legal effect of the deed of Leonard Case to it. The city, in view of the public interests involved, has consented to a nominal assessment of damages for its interest in Case street; and if Leonard Case has, by his deed, devested himself of every interest in the property, his heirs have

no interest to be appropriated by the present proceeding, and no ground to complain because they were not awarded damages. The deed of Leonard Case cannot, in strictness, be regarded as a pure donation. We have no other evidence as to the consideration than that shown by its recitals, and by the ordinance of the city granting to the vendor, in consideration of his conveyance, the right to occupy a portion of the sidewalks upon the four sides of the lot retained by him, and subsequently conveyed to the Cleveland Library Association. His deed recites that the consideration for his conveyance is one dollar, "and divers other considerations received, to my full satisfaction, of the city of Cleveland." The right to occupy five feet of the sidewalk upon Superior, Wood, Rockwell, and Case streets, with pilasters, areas, and balconies, for a block of buildings about to be erected upon that part of his original lot retained by him, was a valuable consideration. If it be conceded that this contract was in excess of the corporate power of the city, as urged by counsel, it would still leave the deed as one made upon a purported valuable consideration, and take it out of the category of a purely voluntary donation. The deed undoubtedly carried the legal title to the city. Apt words for that purpose are used. The words are, "do give, grant, bargain, sell, and confirm unto the city of Cleveland," not an ease-ment or right of user, but "the following described tract or lot of land." Then follows the description, which concludes with the words, "which land is conveyed to said city as and for a public street of said city." The habendum clause is in these words: "To have and to hold the above granted and bargained premises, with the appurtenances thereunto belonging, unto the said city of Cleveland and its assigns, forever, to its and their own proper use and behoof." This is followed by the usual covenant of seisin and warranty, the latter running to the city and "its assigns." The words concluding the description, "as and for a public street of said city," are the only words which in any way distinguish this conveyance from an ordinary warranty deed to an individual. Do these words, without more, operate to qualify the estate conveyed so that, upon a discontinuance of Case street, the property will revert to the grantor? If so, the plaintiffs in error, as heirs at law of the grantor, have an interest in such possibility of reverter which is of some value, and which cannot be appropriated without compensation. The mere expression of a purpose for which it is intended that the granted premises will be used will not debase a fee into a conditional estate. This rule we had occasion to declare and apply in the case of Commissioners v. Young, 8 C. C. A. 27, 36, 59 Fed. 96, where the authorities are fully considered and cited. The deed construed in that case was a quitclaim deed to the village of Youngstown by the heirs of one who had theretofore dedicated the parcel of land as a "burying ground." The words, "to be under the authority and control of its proper council and municipal authority, in conformity with the act of the legislature of Ohio in that behalf," were held to be words merely indicating the purpose of the grantor as to the use to which the property should be appropriated, and as not making the fee a conditional one. The Ohio act referred to was one which regulated the powers of villages over

cemeteries. The declaration of the purpose to which the grantor expected the property to be devoted, and the details of management, read into the deed by the reference to the Ohio act, tended much more strongly to make the deed there construed a conditional fee than the deed here involved. The opinion of this court in that case is therefore controlling in the disposition of the present case. There are in the Case deed no words of re-entry and no words implying a condition other than the words, "as and for a public street." "A deed will not be construed to create an estate on condition unless language is used which, according to the rules of law, ex proprio vigore imports a condition, or the intent of the grantor is otherwise clearly and unequivocally indicated." Rawson v. Inhabitants of School Dist. No. 5, 7 Allen, 125, 127.

The words, "as and for a public street," do not, ex proprio vigore, import a condition. In Greene v. O'Conner, 18 R. I. 56, 25 Atl. 692, it appeared that the owner of land conveyed a strip to the city of Providence. The conveyance was in fee, but recited that "this deed is made upon the condition that the said strip of land shall be forever kept open and used as a public highway, and for no other purpose." It was held that the clause did not create a condition subsequent. In Kilpatrick v. City of Baltimore, 81 Md. 179, 31 Atl. 805, the conveyance was of a parcel of land to the city, with an habendum clause as follows: "To have and to hold the parcel of ground above described, * * * unto the mayor and city council of Baltimore aforesaid, and its successors, forever, as and for a street to be kept as a public highway." The land was diverted to another use, and action was brought to recover the property as for a condition broken. The court held that the words were consistent with an intent to repose a confidence in the authorities that they would carry out the purpose of the grantor so long as it was reasonable and practicable, but did not constitute a condition subsequent. In Rawson v. Inhabitants of School Dist. No. 5, cited above, the words, "for a burying ground, forever," in a deed to the town of Uxbridge, were held not to make the estate conditional. In Raley v. Umatilla Co., 15 Or. 172, 13 Pac. 890, a warranty deed to the county, "for the special use, and none other, of educational purposes, and upon which block shall be erected a college or institution of learning," etc., was held to convey an unqualified fee. In Beach v. Haynes, 12 Vt. 15, a conveyance of land in fee to the town of Westford, "for the use of a common," was held to pass an alienable fee; and in State v. Woodward, 23 Vt. 92, a deed to a town, "for the use of the town as a meeting house," was held to pass an unqualified fee. In Taylor v. Binford, 37 Ohio St. 262, it was held that the grantor could not re-enter for condition broken, where his deed was to a township board of education, "its successors and assigns, forever," "for the use of school purposes only," although the property has been sold at public sale to the highest bidder and conveyed by the board. In Watterson v. Ury, 5 Ohio Cir. Ct. R. 347, affirmed by the supreme court upon the opinion of the circuit court, the deed contained a clause, "as a burial ground for the Roman Catholics." It was held that the grantee took a fee-simple estate, and not an estate upon condition. To the same purport are

the cases of Curtis v. Board, 43 Kan. 138, 23 Pac. 98; Packard v. Ames, 16 Gray, 327; Stanley v. Colt, 5 Wall. 119, 18 L. Ed. 502.

If the deed of Case devested the grantor of every interest, and conveyed an unconditional fee, the title thus vested was unaffected by the subsequent city ordinance. The words, "as and for a public street of said city," are to be regarded as an expression of the grantor that the property shall be constituted and maintained as a public street, so long as it shall be reasonable and practical. The ordinance is the action of the city carrying out this purpose of the grantor. Such an ordinance was made necessary by the Ohio act of March 18, 1859 (56 Ohio Laws, 57), which provided that no street thereafter dedicated to public use by its owner should be deemed a public street so as to impose responsibilty upon the city for its care and maintenance, "unless the same shall be accepted and confirmed by an ordinance specially passed for such purpose." The object of the ordinance is therefore palpable. Its effect was not to qualify the city's title, but to make a public street over and upon property which the city owned in fee. That the title of a city to its streets is property held publici juris for use as streets may be conceded. But if the grantor has parted with all of his title, and the street is lawfully vacated or devoted to some other public use, no right, title, or interest of the grantor is affected, and his heirs have, as such, no interest which is taken and for which compensation may be demanded. The rights of abutters may be affected by devoting a street to other purposes, and they may have such rights as will entitle them to interfere, but the grantor has no such right if, in fact, there is no reverter upon abandonment of use as a street. We cannot hold that the language of this deed so unequivocally imports a right of re-entry upon the discontinuance of this street as to make the title subject to a condition subsequent without violating the cardinal principle of real property, "that conditions subsequent, which defeat an estate, are not to be favored or raised by inference or implication." The judgment is accordingly affirmed.