DeMotte et al. v. City of Valparaiso et al.

[No. 20,154. Filed June 26, 1903. Motion to dismiss petition for rehearing sustained October 16, 1903.]

MUNICIPAL CORPORATIONS.—*Water-works.*—*May Sell Right to Purchase.* —A municipal corporation, under its general power to sell and convey property which has not been dedicated to a public use, may sell the right to purchase a water-works plant, reserved by ordinance granting a franchise to a water-works company.

From Porter Circuit Court; *W. C. McMahan*, Judge.

Suit by Mark L. DeMotte and others to enjoin the city of Valparaiso from selling its right to purchase a system of water-works owned by a private company. From a judgment in favor of defendant, plaintiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*N. L. Agnew, Grant Crumpacker* and *William Daly*, for appellants.

*H. H. Loring*, for appellees.

DOWLING, J.—The appellants, who are described as residents and taxpayers of the city of Valparaiso, brought this suit to enjoin a threatened sale and transfer by said city of a right to purchase a system of water-works owned by a private company, and constructed and used in the streets, alleys, and public grounds of said city, reserved to and held by said city in and under a contract between said city and George P. Smith and others made February 16, 1885. The part of said contract which is material

here is as follows: "At any time after the expiration of fifteen years from the completion of said water-works the city shall have the right to purchase the same by giving the owners thereof one year's notice in writing, and in case of purchase the city shall pay a reasonable value for the same which shall be ascertained by three disinterested hydraulic engineers, one to be chosen by the city, one by the owners of the water-works, and the third selected by the two thus chosen." The works were completed December 31, 1885, and afterwards Smith and his associates sold and transferred the same, with all rights, franchises, and privileges created by the said ordinance, to the Valparaiso City Water-Works, which has ever since owned and operated them. The city has a population of more than 5,000 inhabitants, and less than 7,000, and is organized under the general laws of this State for the incorporation of cities. It is indebted beyond two *per centum* of the valuation of its taxable property, its indebtedness being about $95,000, and the appraised value of its taxable property for the year 1902 being $2,300,000. Its current revenues of late years have been insufficient to pay its general expenses and the interest on its debts. It is averred in the answer, among other things, that the said water-works had never been owned by said city, and had never been dedicated to any public use.

A demurrer to the answer was overruled, and this decision is assigned for error.

The question presented is whether the city has the power to sell and transfer its right to purchase said water-works, so reserved in the ordinance.

It is contended by counsel for appellees that such reserved right is held in trust by the city for public purposes in the same manner and subject to the same restrictions upon the power of the city to sell and convey it as the water-works themselves would be held if owned and operated by the city. *Lake County Water & Light Co. v. Walsh,*

160 Ind. 32; *Pittsburgh, etc., R. Co.* v. *Town of Crown Point,* 146 Ind. 421; *Trustees, etc.,* v. *Mayor, etc.,* 33 N. J. L. 13, 97 Am. Dec. 696.

There is, in our opinion, an obvious legal distinction between a right of a city to purchase property for a public use, and the ownership of property actually dedicated to and employed for public purposes. It is not the fact that property may be devoted to public use by the city at some future day which constitutes the city a trustee for that use, but it is the circumstance that the property is actually so used. The city of Valparaiso is not the owner of the water-works, and may never acquire the title thereto, either because it has not the means with which to purchase the works, or for the reason that such purchase may not be deemed expedient. The property is now held by a private corporation, and will continue to be so held unless the city shall become financially able to buy it, and its acquisition shall be decided to be for the advantage of the city. If the city remains unable to purchase for lack of funds, or if it shall not be thought desirable to exercise the right of purchase, the service to the public rendered by the Valparaiso City Water-Works will continue to be of the same nature, extent, and efficacy, and upon the same terms, whether the city retains its right to purchase the works, or disposes of that right by a sale and transfer.

In *City of Ft. Wayne* v. *Lake Shore, etc., R. Co.,* 132 Ind. 558, 18 L. R. A. 367, 32 Am. St. 277, this court held that land purchased by the city of Ft. Wayne for the purposes of a public park, but never dedicated to such use, might be sold by the city under its general power to sell and convey property, real and personal, owned by it as a municipal corporation, although it could not do so if the land had been applied to the purposes for which it was bought, and was so used. We think this principle applies to the present case. As the right to purchase has

not been exercised, and the city has not impressed its possible interest in the property with a public use, it may sell and transfer such right under its general power to sell and convey property which has not been dedicated to a public use.

Judgment affirmed.

Gillett, J., did not participate in this decision.