## STATE OF NORTH DAKOTA v. CHICAGO, MILWAUKEE, & ST. PAUL RAILWAY COMPANY.

(163 N. W. 730.)

**Railroad Commissioners — order of — complaint based on — cause of action — jurisdiction — want of — must affirmatively appear.**

1. A complaint based upon an order issued by the Board of Railroad Commissioners, which sets forth a cause of action under § 4732 of the Compiled Laws of 1913, is not demurrable where it does not affirmatively appear either in the complaint or the order, which is made a part of the complaint that the Board has exceeded its jurisdiction in making such order.

**Board of Railroad Commissioners — order of — proceedings — equitable in their nature — district court — trial in — enforcement of order — conditions — other public authorities — jurisdiction.**

2. Proceedings to enforce an order of the Board of Railroad Commissioners under § 4732, Comp. Laws 1913, are equitable in their nature; and if, upon a trial in district court, it should appear that compliance with the order could only be enforced upon certain conditions being complied with by other public authorities, the district court has power to enter an appropriate order.

**Board of Railroad Commissioners — highway across railroad right of way — authority to establish — has not.**

3. The Board of Railroad Commissioners has no authority to establish a highway across the right of way of a railroad company.

**Board of Railroad Commissioners — orders of — railroad company — right of way — highway across — expenditure of money — in compliance with order — reimbursement — not entitled to.**

4. Where the Board of Railroad Commissioners enters an order which is referable to the police power of the state, being designed to protect the lives and property of the public; and where compliance with such order would involve an expenditure of money by a railroad company, the railroad company is not entitled to reimbursement or compensation.

Opinion filed June 7, 1917.

Appeal from District Court, Slope County, *W. C. Crawford,* J.
Defendant appeals.

Affirmed.

*Porter & Grantham* and *Harvey J. Miller,* for appellant.

Highways are established by law on section lines. The Board of Railroad Commissioners has no authority to establish or lay out a highway across the right of way of a railway company. Comp. Laws 1913, §§ 1920, 1940, 3599, subdiv. 7, 3985, 4689–4690; Chicago, B. & Q. R. Co. v. Chicago, 166 U. S. 226, 41 L. ed. 979, 17 Sup. Ct. Rep. 581; Grafton v. St. Paul, M. & M. R. Co. 16 N. D. 313, 22 L.R.A.(N.S.) 1, 113 N. W. 598, 15 Ann. Cas. 10; State ex rel. La Follette v. Chicago, M. & St. P. R. Co. 16 S. D. 517, 94 N. W. 406; Seward v. Denver & R. G. R. Co. 17 N. M. 557, 46 L.R.A.(N.S.) 242, 131 Pac. 980; Emery v. Chicago, M. & St. P. R. Co. 35 S. D. 583, 153 N. W. 655; Winona & St. P. R. Co. v. Watertown, 4 S. D. 323, 56 N. W. 1077.

Property once having been acquired for public use cannot be taken

for or appropriated to another public use, except by specific legislative authority.    Winona & St. P. R. Co. v. Watertown, supra.

*Wm. Langer,* Attorney General, and *H. A. Bronson,* Assistant Attorney General, for respondent.

The complaint states facts sufficient to constitute a cause of action,— the cause of action set out therein,—and is not open to demurrer. Laws 1890, chap. 127; Comp. Laws 1913, § 4732, Laws 1897, § 11 chap. 115; State ex rel. Board of Transportation v. Fremont, E. & M. Valley R. Co. 22 Neb. 313, 35 N. W. 119; State ex rel. Tompkins v. Chicago, St. P. M. & O. R. Co. 12 S. D. 305, 47 L.R.A. 569, 81 N. W. 503.

Where there is is a clear public necessity for the proposed improvement, the Board of Railroad Commissioners have the power to order it made.    State ex rel. Tompkins v. Chicago, St. P. M. & O. R. Co. supra.

In this state such board has power to make orders, which in their nature closely resemble judgments, and to invoke the aid of the courts to compel obedience.    Such Board is invested with more than mere advisory powers.    Elliott, Railroads, § 674; Interstate Commerce Commission v. Brimson, 154 U. S. 447, 38 L. ed. 1047, 4 Inters. Com. Rep. 545, 14 Sup. Ct. Rep. 1125; State ex rel. Board of Transportation v. Fremont, E. & M. Valley R. Co. 22 Neb. 313, 35 N. W. 118; McWhorter v. Pensacola & A. R. Co. 24 Fla. 417, 2 L.R.A. 504, 12 Am. St. Rep. 220, 5 So. 129; State ex rel. Railroad & W. Commission v. Chicago, M. & St. P. R. Co. 38 Minn. 281, 37 N. W. 782.

The powers to create such boards rests upon the principle that property or rights affected with the public interest are subject to legislative control.

The general rule is that very important powers relative to the matter of requiring railroad corporations to construct and maintain crossings are generally granted.    Const. art 7, § 142; Elliott, Railroads, § 684.

Where a complaint contains allegations of facts sufficient to reasonably and fairly apprise the defendant of the nature of the cause of action against him, it is sufficient.    Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; Northern Trust Co. v. First Nat. Bank, 25 N. D. 74, 140 N. W. 705; First Nat. Bank v. Messner,

25 N. D. 267, 141 N. W. 999; Hocksprung v. Young, 27 N. D. 322, 146 N. W. 547.

The common-law rule as to the construction of a complaint no longer obtains in this state, and pleadings are liberally construed when attacked by demurrer, with a view to substantial justice. Comp. Laws 1913, §§ 7371, 7458; Donovan v. St. Anthony & D. Elevator Co. 7 N. D. 513, 66 Am. St. Rep. 674, 75 N. W. 809; Hocksprung v. Young, 27 N. D. 322, 146 N. W. 547.

It will not be presumed that the legislature, in employing the general term "highways," meant to include the streets in a municipal corporation. Elliott, Roads & Streets, p. 16; Kerney v. Barber Asphalt Paving Co. 86 Mo. App. 573; Mobile & O. R. Co. v. State, 51 Miss. 137; Re Woolsey, 95 N. Y. 135; Const. art. 3, § 18; Re Burns, 155 N. Y. 23, 49 N. E. 246.

The law requires of railroad corporations that they construct and maintain at their own expense suitable crossings at new streets and highways to the same extent as required by the rules of the common law at streets and highways in existence when the railroad was constructed. State ex rel. Minneapolis v. St. Paul, M. & M. R. Co. 98 Minn. 380, 28 L.R.A.(N.S.) 298, 120 Am. St. Rep. 581, 108 N. W. 261, 8 Ann. Cas. 1047.

BIRDZELL, J. This is an appeal from an order of the district court overruling a demurrer to a complaint. The complaint is based upon an order of the Railroad Commission of the State of North Dakota, issued on the 25th day of July, 1914, directing and requiring the Chicago, Milwaukee, & St. Paul Railway Company to construct and maintain a viaduct or passageway across its right of way, under its track, in the town of Marmarth. The relief demanded is a compliance with the order of the Board of Railroad Commissioners. Upon this appeal the appellant argues that the complaint fails to state a cause of action in that, (1) it is not alleged that the point or place where the underground passageway is required to be constructed is upon any street, alley, or public ground, or that the same is upon a public or private highway; (2) that there is no authority in the Board of Railroad Commissioners to establish such a highway over or across the depot grounds and right of way of the defendant; (3) that the

establishment of a public passageway over the right of way or depot grounds of defendant company would involve a deprivation of property without due process of law; and (4) that to so extend a street or highway across the depot grounds and right of way would involve a taking of property now appropriated to a public use and a subjection of the same to another use not authorized by statute.

In the view that we take of this case, the contentions of the appellant are in no way decisive of this appeal. The complaint, aside from its formal allegations as to the official character and personnel of the Railroad Commission and as to the defendant and its business, is merely a recital of the proceedings had prior to the issuance of the order of the Commission, coupled with a statement of the substance of the order and an allegation of noncompliance therewith by the defendant. It is specifically alleged, though we do not deem it important, that the order made was within the power and jurisdiction of the Board of Railroad Commissioners. In our opinion the complaint contains every allegation that is essential to a complaint under § 4732, Comp. Laws 1913. It nowhere appears in the complaint that the municipal authorities of the village of Marmarth have not taken the steps necessary to extend a village street across the right of way of the railroad company at the point where the order required the building of the subway. It does not even appear that such steps on the part of the village authorities were ever necessary. For aught we know, the railroad at this point may intersect an established highway, the use of which might have been discontinued at the time the railroad was constructed on account of the high grade. The court will not, upon a demurrer, assume the nonexistence of facts which, if they did not exist, would render the order of the Railroad Commission untimely and inappropriate. We are not prepared to say, however, that there is a rigid order of chronological sequence in the extension of a highway by the village authorities across a railroad right of way, and the ordering by the Railroad Commission of the construction of a necessary safety device in the shape of a subway. We do not understand it to be seriously contended on behalf of the respondent that the Railroad Commission has authority to lay out or extend highways across railroad rights of way, but it is contended that in so far as the establishing of

a highway is a prerequisite to the relief demanded in the complaint, the existence of such fact should be assumed as against a demurrer. There was no appeal from the order, and every fact requisite to have made the order regular and valid when made is impliedly alleged when the order is made the basis of relief. If, upon a trial of the issues framed by the complaint and the answer to be filed, it should appear that there is no legally established highway at the point in question, the district court will have ample power to enter a conditional decree requiring compliance with the order whenever the highway or street shall be legally extended. The proceeding is equitable in its nature, and the court is given ample authority to administer the appropriate relief.

Finding no provision of the statute granting the power, we are of the opinion that the Board of Railroad Commissioners has no authority to establish a highway across the right of way of the defendant company. But in response to the contention that the establishment of a public highway would involve a deprivation of property without due process of law, and the taking of property now appropriated to a public use and subjecting it to another use not authorized by law, we need only cite the case of Ashley v. Minneapolis, St. P. & S. Ste. M. R. Co. post, 147, 163 N. W. 727, just decided by this court. In so far as compliance with the order of the Railroad Commission may involve an expenditure of money by the defendant railroad company, we are of the opinion that it is but the fulfilment of an obligation which rests upon the railroad company by reason of the character of its business, for which it is not entitled to reimbursement or compensation. The order of the Railroad Commission, being an exercise of the police power of the state, must be justified as a reasonable measure for the protection of the lives and property of the public, or as being reasonably required for the safe conduct of the defendant's business. For necessary expenditures in this direction the railroad company is not entitled to reimbursement. State ex rel. Minneapolis v. St. Paul, M. & M. R. Co. 98 Minn. 380, 28 L.R.A.(N.S.) 298, 120 Am. St. Rep. 581, 108 N. W. 261, 8 Ann. Cas. 1047; affirmed in 214 U. S. 497, 53 L. ed. 1060, 29 Sup. Ct. Rep. 698; Northern P. R. Co. v. Minnesota, 208 U. S. 583, 52 L. ed. 630, 28 Sup. Ct. Rep. 341; Cincinnati, I. & W. R. Co. v.

Connersville, 218 U. S. 336, 54 L. ed. 1060, 31 Sup. Ct. Rep. 93, 20 Ann. Cas. 1206.

The order appealed from is affirmed.

ROBINSON, J. (dissenting).   The complaint is based on a supposed order of the Railroad Commissioners directing the railway company to construct a crossing under its railway at a point where there is not and never has been a highway.   The case comes here on an appeal from an order overruling a demurrer to the complaint.

Now it is certain the Railroad Commissioners have no authority only such as expressly given them by statute.   The statute does not make it the duty of the railway companies to construct a crossing of any kind where there is no highway, and Railroad Commissioners have no power to impose such a duty.   If they had such power, then they might order twenty similar underground crossings in the same village, and put the company to a needless expense of $20,000 or $40,000—and who would pay the expense?   Of course a city or a village may proceed in a legal manner to lay out a highway across a railroad right of way in the manner provided by statute, but the property of the railroad has the same protection as the property of an individual.   It cannot be taken for public use without just compensation.   Under our statutes it is provided that, in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made; and, if such allegation is controverted, the party pleading it shall be bound to establish on the trial the facts conferring jurisdiction.   Now, the complaint contains no averment to the effect that the order in question was duly given or made; but, if it did, the Commissioners are not a court or officer within the meaning of the statute.   Hence it was necessary to specifically aver each and every fact necessary to give the Commissioners authority to make such an order.   Without a proper complaint stating the facts, it would be folly to incur the expense of a trial.

In the opinion as written by Judge Birdzell the alleged order of the Commissioners is treated as if it were entitled to the same presumptions as an order or judgment of a court of general jurisdiction.   Thus it is said: "For aught we know the railroad at the point may intersect

an established highway." Then it is said that "every fact requisite to have made the order regular and valid is impliedly alleged when the order is made the basis of relief." That is all grossly erroneous, and it does violence to the fundamental principles of pleading. If it were true, then it were sufficient to aver merely that such an order was made by the Railroad Commissioners, without attempting to aver any facts to sustain it. Under the plain words of the statute the complaint must state facts sufficient to constitute a cause of action. The demurrer admits only the facts well pleaded. It does not admit conclusions of law, *such as that the order was made within the power and jurisdiction of the Railroad Commissioners.* That is the conclusion of law to be derived from the facts pleaded. It is entirely clear that the complaint does not state a cause of action, and the demurrer should be sustained.