## MORRISON, et ux v. CITY OF RIVIERA BEACH, et al.
### No. 69-C-1430.
Circuit Court, Palm Beach County.

February 28, 1970.

James D. Morrison, North Palm Beach, for the plaintiffs.

Thomas H. Johnson, Riviera Beach, and Luther M. Taylor, North Palm Beach, for the defendants.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiffs, residents and real property owners in the city of Riviera Beach, attack the validity of a lease of certain oceanfront property owned by the city of Riviera Beach to Continental Con-Dev Company, a Florida corporation, for a period of 50 years, commencing September 1, 1969.

The lease, executed August 14, 1968, recites by way of preamble that the lessee "desires to construct and maintain recreational facilities, such as restaurants, lounges, reducing salons, beachwear and arcades (including souvenirs and similar merchandise) and desires

for said purposes to lease such site." The lease provides that the lessee — ". . . shall develop the leased property in accordance with the zoning classification presently in existence and which controls said leased property at the time of the signing of this lease."

The zoning regulations of the city applicable to the leased property, which are zoned "P-Public District," provide —

> "The lands encompassed by the P-public district are owned and administered by the municipality or the county. They are set aside primarily for the recreation, relaxation and enjoyment of the people.
>
> "No residential or industrial uses shall be permitted within a P-public district.
>
> "Only such commercial uses shall be permitted as serve the needs of those visiting the areas and these shall be approved by and be under the supervision of the legislative body." (Ord. No. 422, §12, 6-26-57)

Conceding that the city can exercise only such powers as are granted by the legislature, counsel for the city contends that the city is authorized to enter into the lease in question under the following provisions of chapter 27849, Laws of Florida (Senate Bill No. 901) —

> "The town of Riviera Beach may from time [sic] time enter into such contracts and lease agreements of portions of the municipal beach property upon Singer Island for the providing of recreational facilities upon such terms and conditions as the town council may deem to be to the best interest of the town. All such leases shall be subject to the right of the public at all times to use the public bathing beach."

It will be noted from the zoning provisions that commercial uses of the zoned property are permitted which "serve the needs of those visiting the areas," and that the uses of the property are not restricted or limited to the providing of recreational facilities as authorized by law.

In City of Clearwater v. Caldwell, 75 So.2d 765, the Supreme Court of Florida used the following language in stating the principles involved in considering the validity of a lease of property owned by the city of Clearwater —

> "In Florida the legislature has plenary control over municipalities subject to such restrictions as may be found in the state or United States constitutions, but if a doubt exists as to whether a statute authorizes a municipality to exercise a certain power, then that doubt should, as a matter of law,

40

be resolved by the courts against the municipality. City of Daytona Beach v. Dygert, 146 Fla. 352, 1 So.2d 170, 173, 133 A.L.R. 1237, and cases cited therein. It is also firmly established in this state that a municipality can exercise powers only 'which are expressly granted or which by fair and reasonable intendment are conferred or granted, and if the power to lease or rent a piece of property on the part of the municipality is not fully and clearly granted by legislative enactment, then the said power or authority is withheld and the lease is void for the want of power on the part of the municipality to enter into the said lease.' City of Daytona Beach v. Dygert, supra."

In the opinion of this court, the lease under consideration, at least as presently framed, is not authorized by ch. 27849, supra, or other provisions of law, and hence must be held invalid as beyond the statutory power of the city of Riviera Beach. It may be observed, with respect to the provision which requires that the commercial uses of the property be "approved by and be under the supervision of the legislative body," that no standards are set forth as a guide for use in determining what would or would not be permissible commercial uses. It is further observed that the city is not leasing the property pursuant to the provisions of §167.77(1), Florida Statutes, which empowers a municipality to lease for nonpublic uses real property owned by it which is not presently needed for municipal use but may be so needed at some future time.

Upon consideration, it is ordered and adjudged that the city of Riviera Beach is and was not authorized by law to enter into said lease and that such lease is therefore void and without effect.