QUESTIONS: 1. Does the board of supervisors of the Englewood Water District have a right under Ch. 59-931, Laws of Florida, as amended, to lease real property belonging to the district? 2. Does the board of supervisors of the Englewood Water District have the right under Ch. 59-931, Laws of Florida, as amended, to grant a license to use property belonging to the district? 3. In the event that the board of supervisors of the Englewood Water District has the right to lease or grant a license for the use of its property belonging to the water district, would the act of leasing said property cause the district to lose its tax-exempt status on real property that is assessed by the taxing authorities?
SUMMARY: The Englewood Water District is without statutory authority to lease or grant a license for the use of its property to private corporations or individuals for use as recreational areas or facilities. AS TO QUESTIONS 1 AND 2: According to your letter, several nonprofit organizations have asked permission of the board to use certain real property belonging to the district as recreational areas. If there are any bonds outstanding, then the board is prohibited from exercising the power "to mortgage, pledge, encumber, sell or otherwise convey all or part of its water system or sewer system, or both, except that the board may dispose of any part of such system or systems as may be no longer necessary for the purposes of the district." Section 26, Ch. 59-931, Laws of Florida. No other exceptions from this statutory prohibition having been explicitly made, no other may be implied, and only such parts of the district's water or sewer systems as are no longer necessary for its purposes may be disposed of. Williams v. American Surety Co. of N.Y., 99 So.2d 877 (2 D.C.A. Fla., 1958), and State ex rel. Judicial Qualifications Comm. v. Rose, 286 So.2d 562 (Fla. 1973). It might be noted that in no event is the district empowered to mortgage or encumber the property held by it in absence of the approval by the electorate of the district. Attorney General Opinions 073-164 and 073-261. Section 4(c), Ch. 59-931, supra, authorizes the district to "construct, install, erect, acquire and operate, maintain . . . a water system or a sewer system or both . . . for the furnishing of water service or sewer service or both services to the inhabitants of the district . . . ." Section 4(g), Ch. 59-931, supra, authorizes and empowers the Board of Supervisors of the Englewood Water District To acquire . . . such lands and rights and interest therein . . . as may be deemed necessary in connection with the construction . . . or operation and maintenance of any water system or sewer system or both and to hold and dispose of all real and personal property under its control. The board is expressly granted the power to contract in furtherance of its objectives, s. 1, Ch. 59-931, and to enter into contracts with other governmental agencies or private corporations or individuals providing for or relating to the treatment, collection, and disposal of sewage or the treatment, supply, and distribution of water and other matters relevant thereto or otherwise necessary to effect the purposes of Ch. 59-931. Section 4(t), Ch. 59-931. The board is not authorized to contract with private corporations or individuals for any other purposes. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), and Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). Such grants of authority carry with them the necessary limitation that they will be exercised for district purposes and for the benefit of the district. See State v. Town of North Miami,59 So.2d 779 (Fla. 1952); City of Clearwater v. Caldwell,75 So.2d 765 (Fla. 1954); 63 C.J.S. Mun. Corps. s. 958. Thus, it may be implied that the board may not dispose of property of the district which is being held, used, or needed for the current or future statutorily prescribed functions and purposes of the district, nor may it divert the use of such property to other public or nonpublic purposes not expressly provided for by statute. City of Clearwater v. Caldwell, supra; 63 C.J.S. Mun. Corps. ss. 962b. and 967; cf. Martin v. Board of Public Instruction, 42 So.2d 721 (Fla. 1949). A determination by the board that property is no longer necessary for the purposes of the district should not be disturbed in absence of showing of fraud, bad faith, or abuse of discretion. See Raney v. City of Lakeland, 88 So.2d 148 (Fla. 1956). (Any such disposition of any such unneeded property would be a permanent disposition to the advantage of or for the benefit of the district and for an adequate consideration.) Black's Law Dictionary defines the term "dispose of" broadly, as follows, and would seem to include a lease and grant of a license: To exercise finally, in any manner, one's power of control over; to pass into the control of someone else; to alienate, relinquish, part with, or get rid of; to put out of the way; to finish with; to bargain away. A similar definition is found in Montgomery v. Carlton, 126 So. 135
(Fla. 1950). Also see 63 C.J.S. Mun. Corps. s. 962a.; 27 C.J.S. Dispose, p. 594. As the district does not contemplate any permanent disposition of its unneeded or surplus lands, this opinion should not be construed to include any such permanent disposition. In determining the validity of a proposed lease or grant of a license, it must be ascertained whether the district will, contrary to s. 10, Art. VII, State Const., "give, lend or use its taxing power or credit to aid any corporation, association, partnership or person." When an undertaking is for a statutorily authorized public purpose, s. 10, Art. VII, of the Constitution is not violated even though some private parties may be incidentally benefited. State v. Daytona Beach Racing Rec. Fac. District, 89 So.2d 34 (Fla. 1956); cf. O'Neill v. Burns,198 So.2d 1 (Fla. 1967). However, no public purpose is served when a lease is designed purely for the private benefit of the individual members of a quasi-public or eleemosynary association or corporation. Raney v. City of Lakeland, supra. Whenever a lease of public lands for private uses is not coupled with the issuance of bonds or the expenditure of public funds, or with the acquisition of land by purchase or eminent domain and the public body possesses legislative authority to do so, it can lease public land for private uses, but not otherwise. City of West Palm Beach v. Williams, 291 So.2d 572 (Fla. 1974). The powers of the district must be interpreted and construed in reference to the purpose of the district, and if reasonable doubt exists as to whether the district possesses a specific power, such doubt must be resolved against the district. City of Clearwater v. Caldwell, supra; Martin v. Board of Public Instruction, supra; White v. Crandon,156 So. 303 (Fla. 1934); Gessner v. Del-Air Corp., 17 So.2d 522
(Fla. 1944); State ex rel. Greenberg v. Fla. State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dism'd,300 So.2d 900 (Fla. 1974); cf. City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla. 1972). The rules governing municipalities and public quasi-corporations in such regard apply with equal force and effect to all statutory entities, as do those governing counties and state agencies. See AGO's 073-374 and 074-169; City of Cape Coral v. G.A.C. Utilities, Inc.,281 So.2d 493 (Fla. 1973). The purposes for which the Englewood Water District was created are essentially to acquire, maintain, and operate a water system or a sewer system or both for furnishing such services to the inhabitants of the district (s. 4(c), Ch. 59-931, supra) and to acquire, hold, and use such property as may be necessary in connection therewith. Sections 4(g) and (t), Ch. 59-931. No other functions, purposes, or uses of its property are permissible. The district is not expressly or by necessary implication authorized to provide, maintain, or operate recreational areas or facilities, nor does its enabling statute authorize it to lease or otherwise license its property to private parties for such use or purposes. Thus, a lease or grant of a license to use the district's property for such purposes would not be for a statutorily prescribed purpose authorized by law to be carried on or performed by the district and would be unauthorized. A special district is a statutory agency having no powers except those conferred by its enabling statute or those necessarily implied therefrom. Attorney General Opinions 073-314, 073-374, 074-49, and 074-169.